FILED
3/28/2023 1:59 PM
Delia Sellers
District Clerk
Liberty County - 253rd District Court
Liberty County, TX
Erin Fregia

CAUSE NO. 23DC-CV-00467

| | | |
|---|---|---|
| **GREGORY McKIE,** *Plaintiff* | § § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § | **LIBERTY COUNTY, TEXAS** Liberty County - 253rd District Court |
| **WALMART,** *Defendant* | § § § | \_\_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

GREGORY MCKIE ("Plaintiff"), files this Original Petition against WALMART ("Defendant"), and alleges the following:

### I. DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4, request the Court enter a Docket Control Order governing same, and affirmatively plead that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.00.

### II. PARTIES

2. Plaintiff, GREGORY MCKIE, is an individual residing in North Augusta, South Carolina. The last three digits of his driver's license and social security number are 286 and 613 respectively.

3. Defendant, WALMART, upon information and belief, is the trade name of a corporation conducting business in Liberty County, Texas, that may be served with process via its principal Registered Agent, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff demands that this Defendant answer in its correct name.

### III.  MISNOMER/ALTER EGO

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV. JURISDICTION

5. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### V. VENUE

6. Venue is proper in Liberty County under Texas Civil Practice & Remedies Code section 15.002 because it's where all or a substantial part of the events or omissions giving rise to the claim occurred.

### VI. FACTS

7. On or about January 27, 2022, approximately 6:30 p.m., in Liberty County, Texas, Plaintiff delivered a loaded trailer to Defendant's premises at dusk. Defendant's distribution center parking lot was poorly lit, poorly maintained, and did not have any security or other personnel on duty or monitoring the premises. Plaintiff attempted to connect his truck to an empty trailer when he slipped and fell on loose gravel in the parking lot severely injuring his lower back. Because the parking lot was not monitored by Defendant or their agents, Plaintiff remained on the ground immobilized in the parking lot until the next morning around 7:00 a.m. when he was able to flag down another driver. That driver went inside to notify management and called an ambulance.

8. Plaintiff had to have emergency back surgery to repair his lower back injury. He continues to be in pain and is permanently impaired.

## VII. CAUSES OF ACTION AGAINST DEFENDANT

**Premises Liability**

9. At the time of and on the occasion in question, Plaintiff was an invitee on the property either owned, maintained, managed, occupied and/or otherwise under the control of Defendant, having gone there for the purpose of delivering a loaded trailer. During Plaintiff's visit on Defendant's premises, Plaintiff was caused to suffer injury which was the direct result of an unreasonably dangerous condition on Defendant's premises. Defendant created the unreasonably dangerous condition.

9. Defendant knew or in the exercise of ordinary care should have known of the unreasonably dangerous condition and neither properly corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's creation of the condition, failure to properly correct the condition, to warn Plaintiff of the condition, and/or to reasonably inspect the premises to discover the condition in order to properly correct it or warn Plaintiff of it, constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries. Specifically, Defendant's distribution center parking lot did not have proper lighting, was not properly maintained, and was not properly supervised. Plaintiff's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and the ensuing injuries suffered by Plaintiff.

## VIII. DAMAGES

10. As a direct and proximate result of the incident made the basis of this lawsuit, Plaintiff was caused to suffer severe personal injuries to his body as a whole, and to incur actual damages, including, but not exclusive of the following:

a) Reasonable medical care and expenses in the past. These expenses were paid and/or incurred by and/or on behalf of Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in or near Liberty County, Texas;

b) Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

c) Physical pain and suffering in the past;

d) Physical pain and suffering which, in all reasonable probability, will be incurred in the future;

e) Physical impairment in the past;

f) Physical impairment which, in all reasonable probability, will be incurred in the future;

g) Mental anguish in the past;

h) Mental anguish which, in all reasonable probability, will be incurred in the future;

i) Lost wages in the past;

j) Lost wages which, in all reasonable probability, will be incurred in the future;

k) Lost earning capacity in the past;

l) Lost earning capacity which, in all reasonable probability, will be incurred in the future;

m) Loss of enjoyment of life in the past;

n) Loss of enjoyment of life which, in all reasonable probability, will be incurred in the future; and

o) Permanent impairment.

11. If it be shown that Plaintiff suffered from some pre-existing injury, disease, and/or condition, then such was aggravated and exacerbated as a proximate result of the incident. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $250,000.00, but not more than $1,000,000.00. However, should a jury award Plaintiff over $1,000,000.00, Plaintiff reserves the right to amend in order for his pleadings to comport with such an award. Furthermore, Plaintiff seeks all such other and further relief, general or special, legal or equitable, to which Plaintiff is entitled.

## IX. COURT COSTS

12. Plaintiff requests that he recover all court costs from Defendant pursuant to Texas Rule of Civil Procedure 131 and any other applicable law.

## X. INTEREST

13. Plaintiff requests that he be granted prejudgment interest, together with post judgment interest, at the maximum rate allowed by the Texas Finance Code, the Office of Consumer Credit Commission, and any other applicable law or authority.

## XI. ADOPTION BY REFERENCE

14. Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference into each and every other section of this pleading to afford Plaintiff its maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

## XII. PRESERVING EVIDENCE

15. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photos, video, audio, surveillance or security recordings or information, business or medical records, incident reports, periodic

reports, financial statements, bills, call slips or records, estimates, invoices, checks, measurements, correspondence, faxes, emails, voicemail, text messages, and any electronic images or information related to the referenced incident or damages. Failure to maintain such items may constitute "spoliation" of the evidence.

## XIII. JURY DEMAND

16. Plaintiff demands a jury trial.

## XIV. RULE 193.7 NOTICE

17. Plaintiff hereby puts Defendant on notice that Plaintiff intends to use Defendant's discovery responses as evidence in any pretrial proceeding and/or trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## XV. RULE 609 REQUEST

18. Pursuant to Texas Rule of Evidence 609, Plaintiff requests written notice of all convictions, if any, Defendant intends to introduce or offer into evidence at the trial of this matter concerning Plaintiff.

## XVI. REQUEST FOR DISCLOSURE TO DEFENDANT

19. Plaintiff requests Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XVI. PRAYER

20. For these reasons, Plaintiff asks to be awarded a judgment against Defendant for the following:

   a. Actual damages.

   b. Exemplary damages.

c. Prejudgment and postjudgment interest.

d. Court costs.

e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

*THE MANGINELLO LAW FIRM, PLLC*

*/s/ Ralph P. Manginello*

**Ralph P. Manginello**
State Bar No. 24007597
ralph@atty911.com
1177 W. Loop South, Suite 1600
Houston, Texas 77027
(713) 528-9070
(713) 529-4998 – Fax

**ATTORNEY FOR PLAINTIFF**